## D. R. KINCHELOE v. JANE S. McWILLIE.

1. At the last term of this court the judgment of the court below was affirmed on certificate; but on cause shown by the appellant at a subsequent day of the same term, the judgment of affirmance was set aside and the case reinstated on the docket for trial. Now, at the present term, comes the appellee, showing cause, and moves the court to vacate its order of last term setting aside the affirmance and reinstating the cause. *Held*, that this cannot be done—for, though it be now made apparent that the action of the court in setting aside the affirmance and reinstating the cause was hastily or unwisely done, yet that action having been had and the term passed, the cause is now regularly on the docket for trial on the merits, and the court has no authority to dispose of it on the motion now made.

This case is a motion of the character indicated in the opinion of the court. The affidavits or other papers, filed by Kincheloe, the appellee, in support of his motion, have not come to the hands of the Reporter. In view of the ground, however, on which the motion is overruled, the particular state of facts is of no signifi-

cance---as no state of facts, it seems, could empower the court to revive a judgment of affirmance on certificate, which had been vacated at a previous term.

No briefs on the motion have reached the Reporter.

LINDSAY, J.—A motion to set aside a judgment or order setting aside a judgment of affirmance, upon cause shown---As a matter of practice, this motion is anomalous. There certainly is no direct authority of law for it. Nor do we think any precedent can be found for it in our own jurisprudence, or in that of any other State, as a matter of practice. If the motion prevails, what is to be done with the case now on the records of this court, and placed there too, by the solemn judgment of this court? Is it to be stricken from the docket? For what cause? Because filed by mistake? For want of prosecution? Because the merits have been adjudicated? Because it has been surreptitiously filed, and placed there by none of the modes pointed out by law, or observed in any of the rules of practice? It would be for none of these reasons. If thus disposed of, it must be done upon the sole ground, that the court, in the exercise of that discretion, expressly confided to it by law, did, at a former term, exercise it most unsoundly, most unwisely; and now most righteously deserves self-rebuke and self-abasement for its reckless, and unduly considered adjudication of a former term. We know of no law which authorizes this motion. It is nowhere provided that the discretion of the court is to be enlightened, at a subsequent term, by additional and other evidence, in regard to the goodness or badness or the sufficiency of the cause or causes, shown at a previous term, to determine its action definitively upon *a subject to be considered, for that term only.* Concede for a moment, that the court did act hastily, without due deliberation, at a former term: nevertheless, the judgment of affirmance upon certificate was set aside, *upon*

*cause shown;* whether sufficient, or insufficient, is now immaterial; and the transcript was filed, and the cause continued to the present term. The action of the court in that regard was based upon positive law; and was, and is, a finality as to the object contemplated by the law. Such action, even if done without due consideration, when done, vests an absolute right in the adverse party to have a hearing upon the merits; *provided,* in the further prosecution of the case, the terms of the law are complied with. It is very obvious this position is perfectly consonant with the principles of justice. If there be no merit in the case, the party complaining, will not be prejudiced. All the evils of the law's delays have already been incurred by setting aside the judgment of affirmance, and the cause is set down for hearing at the present term, and no independent action upon a motion, like the present, would be judicious, if there was express authority of law for it. And there is certainly none, either by statutory enactment, or rule of court.

Upon the presentation of the facts, at the last term, for setting aside the judgment of affirmance, ostensibly they were sufficient to authorize the court; and the court, upon the facts presented, owed it to its sense of the purity and impartiality of judicial administration promptly to set the judgment aside and suffer the transcript to be filed. By the affidavit of Wm. J. Phillips, the agent, it appeared that he had demanded the transcript by giving instructions to the clerk to prepare it and transmit it to the clerk of this court. From the affidavit of the clerk, he had undertaken the agency of doing so, and had actually done it by committing the transcript to the hands of the counsel of the opposite party who was coming to the court and who was actually here in due time, as was judicially known to the court, to file the transcript. Under this state of the facts, according to the showing then made, where was the necessity of notice? The facts presented superseded the necessity of all notice. Notice to the attorney, as well as

to the party, was sufficient.  If the facts were true, the attorney already had notice of cause for setting aside the judgment upon certificate.  Formal notice was not therefore necessary.

We have thus presented the reasons for overruling this motion. We would not, however, have deemed it necessary to have gone into such an investigation but for the counter-affidavit of the clerk of the District Court, presented now to his former affidavit, fully exonerating the attorney from all censure, which seemed to be implied in the action of the court in setting aside the judgment.  It was only as an act of justice to him as an attorney of this court that we could, with any propriety, entertain the motion at all. The examination has shown most satisfactorily that not the slightest blame is imputable to the attorney.  The judgment of the court was pronounced upon the facts then before it; which, if true, warranted that judgment.  The motion is overruled.

Overruled.